UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| RODRIGO PEREZ, | ) | No. CV 11-06302-MMM (VBK) |
| | ) | |
| Petitioner, | ) | ORDER ACCEPTING FINDINGS AND |
| | ) | RECOMMENDATIONS OF UNITED STATES |
| v. | ) | MAGISTRATE JUDGE |
| | ) | |
| KELLY HARRINGTON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pursuant to 28 U.S.C. §636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), the records and files herein, and the Report and Recommendation of the United States Magistrate Judge ("Report").

//

//

//

//

//

//

//

//

1    **IT IS ORDERED** that: (1) the Court accepts the findings and

2  recommendations of the Magistrate Judge, and (2) the Court declines to

3  issue a Certificate of Appealability ("COA").[1]

4

5  DATED: September 23, 2012        _____

6                                   MARGARET M. MORROW
                                     UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

    _____

14

15       [1]      Under 28 U.S.C. §2253(c)(2), a Certificate of Appealability
    may issue "only if the applicant has made a substantial showing of the
16  denial of a constitutional right."  Here, the Court has accepted the
    Magistrate Judge's finding and conclusion that the Petition is a
17  "mixed petition" containing exhausted and unexhausted claims.  Thus,
    the Court's determination of whether a Certificate of Appealability
    should issue here is governed by the Supreme Court's decision in Slack
18  v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), where the Supreme
    Court held that, "[w]hen the district court denies a habeas petition
19  on procedural grounds without reaching the prisoner's underlying
    constitutional claim, a COA should issue when the prisoner shows, at
20  least, that jurists of reason would find it debatable whether the
    petition states a valid claim of the denial of a constitutional right
21  and that jurists of reason would find it debatable whether the
    district court was correct in its procedural ruling."  529 U.S. at
22  484.  As the Supreme Court further explained:
23       "Section 2253 mandates that both showings be made before the
         court of appeals may entertain the appeal.  Each component
24       of the § 2253(c) showing is part of a threshold inquiry, and
         a court may find that it can dispose of the application in
25       a fair and prompt manner if it proceeds first to resolve the
         issue whose answer is more apparent from the record and
26       arguments."  Id. at 485.
27       Here, the Court finds that Petitioner has failed to make the
    requisite showing that "jurists of reason would find it debatable
28  whether the district court was correct in its procedural ruling."